IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL E. SCHERFFIUS,

    Petitioner,        No. 2:08-cv-0085-MCE-JFM (HC)

  vs.

M. MARTEL,

    Respondent.        <u>ORDER</u>

_____/

      Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on respondents' motion to dismiss this action as barred by the one year statute of limitations. <u>See</u> 28 U.S.C. § 2244(d). In his opposition, petitioner alleges he is entitled to equitable tolling for an eleven month period of time he was denied access to his legal material by his appellate attorney.

      The Ninth Circuit has held:

> We will permit equitable tolling of AEDPA's limitations period only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.

<u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999) (internal quotations and citations omitted).

1

It is petitioner's burden to show he is entitled to equitable tolling. Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005). To meet this burden, he must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Equitable tolling is justified in few cases, and "the threshold necessary to trigger equitable tolling under the AEDPA is very high, lest the exceptions swallow the rule." Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).

The Ninth Circuit has recognized that an attorney's "egregious conduct" may be grounds for equitable tolling. In Spitsyn, the court granted equitable tolling where retained counsel failed to file the federal habeas petition in a timely fashion, refused contact with petitioner and his mother, and failed to release petitioner's files and records until two months after the AEDPA statute of limitations had run. Id. However, the court noted that ordinary attorney negligence, such as the miscalculation of the statute of limitations deadline, the provision of misinformation regarding the deadline, or simple delay, will not constitute extraordinary circumstances. Id., 345 F.3d at 800.

Here, petitioner has failed to adequately set forth facts supporting his claim for equitable tolling. Accordingly, petitioner will be permitted an additional period of time in which to document how he has been diligent and what extraordinary circumstances stood in his way. Petitioner must specifically address what steps he took during the eleven months appellate counsel allegedly denied him access to his legal material. Petitioner is cautioned that proceeding pro se or being incarcerated are insufficient, standing alone, to demonstrate extraordinary circumstances.

/////
/////
/////
/////

2

Accordingly, IT IS HEREBY ORDERED that:

1. Within twenty days from the date of this order, petitioner shall provide the factual basis supporting his claim for equitable tolling; and

2. Respondent shall file a reply fifteen days thereafter.

DATED: June 10, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

001; sche0085.fb