IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL E. SCHERFFIUS,

    Petitioner,                  No. 2:08-cv-0085-MCE-JFM (HC)

    vs.

M. MARTEL,

    Respondent.                FINDINGS AND RECOMMENDATIONS

                                /

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court on respondents' motion to dismiss this action as barred by the one year statute of limitations. See 28 U.S.C. § 2244(d).

        Section 2244(d)(1) of Title 28 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. Petitioner pled no contest to sodomy by force, duress, menace and fear on a child under fourteen years of age and lewd and lascivious conduct on a child under fourteen years of age. On September 8, 2005, petitioner was sentenced to fifteen years to life in prison. (Lodged Document No. 1.)[1]

2. Petitioner filed a timely appeal, but on February 27, 2006, the California Court of Appeal, Third Appellate District, dismissed the appeal at petitioner's request signed by petitioner on February 22, 2006. (Lodged Document Nos. 2 & 3.) The remittitur was signed February 27, 2006 and docketed on March 2, 2006. (Lodged Documents No. 3.) Petitioner did not seek direct review in the California Supreme Court.

/////
/////
/////
/////

---

[1] Unless otherwise stated, all documents identified as Lodged Documents were filed by respondents in this action on April 8, 2008.

3. On April 4, 2007,[2] petitioner filed a petition for writ of habeas corpus in the Shasta County Superior Court. (Lodged Document No. 4.) That petition was denied by order filed May 11, 2007. (Lodged Document No. 5.)

4. On May 22, 2007,[3] petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. (Lodged Document No. 6.) That petition was denied by order filed June 21, 2007. (Lodged Document No. 7.)

5. On July 4, 2007, petitioner filed a petition for review in the California Supreme Court.[4] (Lodged Document No. 8.) On December 19, 2007, the California Supreme Court denied review. (Lodged Document No. 9.)

6. On December 28, 2007, petitioner filed the instant federal habeas corpus petition.[5]

The California Court of Appeal dismissed the appeal on February 27, 2006. (Lodged Documents Nos. 2 & 3.) That dismissal became final on February 27, 2006, the date of filing. California Rules of Court, rule 24 (now rule 8.264). Petitioner's conviction became final on March 9, 2006, when the ten day period for filing a petition for review expired. 28 U.S.C. § 2244(d)(1)(A); Cal Rules of Court, Rule 28, now 8.500. The federal limitation period started to run the next day, March 10, 2006. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir.

/////

---

[2] This petition was signed on April 4, 2007 but does not contain a certificate of service. The filing date may also be the date the petition is signed. Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003). Thus, April 4, 2007 is deemed the filing date for said petition.

[3] May 22, 2007 is the date on which petitioner, proceeding pro se, delivered the state superior court habeas petition to prison officials for mailing. (Lodged Document No. 6.) Under the mailbox rule, that date is considered the filing date of the petition. See Stillman v. Lamarque, 319 F.3d 1199, 1201 (9th Cir. 2003).

[4] July 4, 2007 is deemed the filing date for said petition. See footnote 3, supra.

[5] December 28, 2007 is deemed the filing date of petitioner's federal habeas corpus petition. See footnote 2, supra.

2001). Petitioner's federal petition was due on or before March 9, 2007, plus any time allowed for tolling. Patterson, 251 F.3d at 1243, 1246.

As a general rule, the limitation period is tolled "while a California petitioner 'complete[s] a full round of [state] collateral review.'" Delhomme v. Ramirez, 340 F.3d 817, 819 (9th Cir. 2003)(quoting Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003)). Here, however, petitioner did not commence the state exhaustion process until he filed his first petition for writ of habeas corpus on April 4, 2007, after the statute of limitations period had run on March 9, 2007. State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir.2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000). Because petitioner failed to file any post-conviction challenges within the statute of limitations period, the limitations period expired on March 9, 2007. Petitioner's filing in federal court, on January 14, 2008, cannot revive a statute of limitations period.

"A remittitur is not the same as the judgment," Cal. Civ. Prac. Procedure § 41:51, or, as in this case, an order of dismissal. Even assuming, arguendo, that the statute of limitations period was extended by the remittitur, the federal petition is untimely. See cf. Tilemma v. Long, 253 F.3d 494, 496-97, 502 (9th Cir.2001) (calculating statutory tolling period through state supreme court's issuance of remittitur following dismissal of appeal). The appellate dismissal became final on the date it issued; petitioner's conviction became final once the time passed for filing the petition for review, and the remittitur was issued on March 2, 2006. See Cal. Rules of Court, rules 8.272 and 8.540. The remittitur was docketed on March 2, 2006,[6] which ran prior to the March 9, 2006 deadline for filing the petition for review. Therefore, the remittitur date offers petitioner no additional time.

---

[6] "The remittitur is deemed issued when the clerk enters it in the record." Cal. Rules of Court, Rule 8.272(d)(1).

1            Accordingly, the federal statute of limitations was not tolled and petitioner's
2  federal habeas petition comes too late and must be dismissed.  Ferguson v. Palmateer, 321 F.3d.
3  820, 823 (9th Cir. 2003)(dismissing habeas petition where AEDPA statute of limitations period
4  had run before state collateral relief sought).
5            As noted above, the statute of limitations began to run on March 10, 2006; absent
6  equitable tolling, the federal petition was due on or before March 9, 2007.  Petitioner argues he is
7  entitled to equitable tolling because he was denied access to his legal file, delayed by counsel's
8  failure to promptly return his legal materials, appellate counsel was ineffective, and petitioner
9  contends he was diligent in filing his petition once he received his legal file from counsel.
10           To be entitled to equitable tolling, petitioner bears the burden of establishing "(1)
11 that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance
12 stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807 (2005).  See also
13 Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005);
14 Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir.2002); Corjasso v. Ayers, 278 F.3d 874, 877-78
15 (9th Cir.2002); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288-89 (9th
16 Cir.1997), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly),
17 163 F.3d 530 (9th Cir.1998) (en banc).  Equitable tolling is not routinely available in habeas
18 corpus cases because district courts are expected to "take seriously Congress's desire to accelerate
19 the federal habeas process."  Beeler, 128 F.3d at 1288-89. See also Miranda, 292 F.3d at 1066.
20 Equitable tolling is justified in few cases, and "the threshold necessary to trigger equitable tolling
21 under the AEDPA is very high, lest the exceptions swallow the rule."  Spitsyn v. Moore, 345
22 F.3d 796, 799 (9th Cir. 2003).
23           The Ninth Circuit has recognized that an attorney's "egregious conduct" may be
24 grounds for equitable tolling.  In Spitsyn, the court granted equitable tolling where retained
25 counsel failed to file the federal habeas petition in a timely fashion, refused contact with
26 petitioner and his mother, and failed to release petitioner's files and records until two months

1  after the AEDPA statute of limitations had run.  Id.  However, the court noted that ordinary
2  attorney negligence, such as the miscalculation of the statute of limitations deadline, the
3  provision of misinformation regarding the deadline, or simple delay, will not constitute
4  extraordinary circumstances.  Id., 345 F.3d at 800.
5         Here, petitioner contends he was denied access to his legal file by appellate
6  counsel, who he claims "never filed the direct appeal as a matter of right."  (Opp'n at 10.)
7  However, the record reflects that petitioner filed a timely appeal (Case No. C051040), but on
8  February 22, 2006, he abandoned the appeal, noting he consented to abandon the appeal on
9  advisement from counsel.  (Lodged Document No. 2.)
10        Petitioner has also provided copies of letters written to him by the Chase Law
11 Group concerning their representation of him that belie petitioner's claims of ineffective
12 assistance of counsel and his claim that "[retained] attorney's impediments and deception
13 imped[ed] petitioner from perfecting his habeas sooner."  (June 30, 2008 Compliance, at 5.)
14 Specifically, counsel's October 3, 2006 letter to petitioner makes clear that the Chase Law Group
15 was retained "to attempt to withdraw [the] guilty plea taken by Judge Bakarich, and failing such,
16 to endeavor to attack [the] guilty plea by other available means."  (Id., Ex. A, at 33.)  The letter
17 recounts the difficulties the firm had in locating the complaining witness to attempt to secure a
18 recantation, and that although they eventually located the witness, she would not recant.  (Id.)
19 Because the complaining witness would not recant, the law firm explained to petitioner that there
20 were no grounds to proceed with a petition for writ of habeas corpus at that time.  (Id. at 34.)
21        Moreover, the law firm wrote petitioner at least six letters, dated April 28, 2006,
22 July 31, 2006, September 12, 2006, July 31, 2006, October 3, 2006, and October 12, 2006.  (Id.,
23 Ex. A, at 28-35.)  These letters demonstrate that counsel responded to petitioner's letters, was in
24 communication with petitioner and kept him apprised of their efforts on his behalf.
25        Respondents have provided a copy of the prison mail log which reflects petitioner
26 wrote the Chase Law Group on March 9, 2006, July 20, 2006, September 7, 2006, October 10,

6

2006, and October 18, 2006. (Lodged Document No. 10, Lodged August 21, 2008.) Petitioner has not provided copies of his letters to counsel. However, a review of the letters written by Chase Law Group does not reflect that petitioner was dissatisfied with their efforts or concerned about the length of time it was taking to locate the witness. (June 30, 2008 Compliance, Ex. A at 28-35.) Petitioner has provided no evidence that he demanded return of his file and was refused. Rather, the letters demonstrate that once counsel located the witness and determined she would not recant, counsel determined there were no grounds for habeas relief and promptly returned the legal file to petitioner at his request.

The October 3, 2006 letter makes clear that counsel preferred to return the legal file to petitioner's parents, but petitioner insisted counsel return the file directly to petitioner at the prison. (Id., Ex. A at 34.) By October 12, 2006, counsel reported to petitioner that counsel had returned his legal file to petitioner at the prison. (Id. at 35.) The mail log confirms petitioner received mail from the Chase Law Group on October 18, 2006. (Document 10, Lodged August 21, 2008.)

Although petitioner contends he did not receive the legal file until November 2006, he does not provide an actual date, and the prison mail log reflects no mail deliveries for the entire month of November, 2006. (Id.) In his state habeas petition, petitioner alleged that appellate counsel "kept stringing petitioner along about filing a Petition for Writ of Habeas Corpus, then after 6 months of delaying tactics, suddenly abandons petitioner with no warning, and no recourse." (Lodged Document No. 4 at 81; see also Opp'n at 10.) However, the letters from counsel do not support such an inference. The record reflects that petitioner's counsel encountered delays in locating the complaining witness, but then determined there were no grounds for habeas relief, notified him of their determination by letter dated October 3, 2006, and returned his legal file to petitioner months before the federal statute of limitations ran on March 9, 2007.

/////

1         Finally, petitioner contends he was under the misconception that his direct appeal
2 was not final until a remittitur had issued. (Opp'n. at 7.)  Petitioner's lack of knowledge
3 concerning this deadline does not compel equitable tolling.[7]  Moreover, the record reflects that
4 the remittitur was issued on March 2, 2006.  (Lodged Document No. 3.)
5         This record does not reflect "egregious conduct" by the Chase Law Group as
6 contemplated by the court in Spitsyn, 345 F.3d at 799.  Petitioner has failed to demonstrate that
7 "extraordinary circumstances" beyond his control entitle him to equitable tolling.  Id.
8         For all of the foregoing reasons, this action is barred by the statute of limitations.
9 Accordingly, respondents' motion to dismiss should be granted.
10         IT IS HEREBY RECOMMENDED that:
11         1. Respondents' April 8, 2008 motion to dismiss be granted; and
12         2. This action be dismissed as barred by the statute of limitations.
13         These findings and recommendations are submitted to the United States District
14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
15 days after being served with these findings and recommendations, any party may file written
16 objections with the court and serve a copy on all parties.  Such a document should be captioned
17 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that
18 /////

---

[7] See Donovan v. Maine, 276 F.3d 87 (1st Cir.2002) ( "The petitioner's assertion that his pro se status somehow entitled him to equitable tolling is wide of the mark. While pro se pleadings are to be liberally construed, the policy of liberal construction cannot plausibly justify a party's failure to file a habeas petition on time." )(Citation omitted); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir.2000) (holding that ignorance of the law and petitioner's reliance on inmate law clerk to draft the state petition does not relieve petitioner from his personal responsibility to comply with the law); Felder v. Johnson, 204 F.3d 168 (5th Cir.2000) (holding that mere ignorance of the law does not justify equitable tolling); Oetting v. Henry, No. CIV S-04-1180 MCE KJM P, 2005 WL 1555941 (E.D.Cal. Jun.24, 2005) ( "Neither the inmate's ignorance of the law nor pro se status are the sort of extraordinary events upon which a finding of equitable tolling may be based." ); Meiggs v. Pinkens, No. C 99-3638 EDL (PR), 2000 WL 101245, at *3 (N.D.Cal. Jan. 20, 2000) ( "Ignorance of the deadline-whether on the part of the petitioner herself or due to the petitioner's attorney's negligence-does not merit equitable tolling for the delay caused by such ignorance .").

failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 8, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

001; sche0085.mtd